IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MICHAEL JUSTIN PARKINS                                                                                      PLAINTIFF
ADC #168018

v.                                               2:23-cv-00229-JM-JJV

DEIGARION M. STATEN,
Corporal, East Arkansas Regional Unit; *et al.*                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     INTRODUCTION**

Michael Justin Parkins ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). In November 2023, he filed a *pro se* § 1983 Complaint raising a variety of factually and legally unrelated claims (Doc. 2.) On December 8, 2023, I entered an Order explaining to Plaintiff his claims were improperly joined and that he could not "throw a myriad of claims at the court to 'see what sticks.'" (Doc. 3) (quoting *Pierce v. Homecomings Fin., LLC*, No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018); *Scarlett v. United States*, No. 16-80017-CR, 2017 WL 11473755, at*17 (S.D. Fla. Dec.

1

7, 2017)). And I noted he had previously done so in another case filed in this District, *Parkins v. Huthinson*, 2:23-cv-00056-BSM-BBM.   After pointing out several other pleading deficiencies, I gave Plaintiff the opportunity to file an Amended Complaint containing only properly joined and pled claims.   And I cautioned him that if he ignored my instructions, I would only screen his first properly joined claims while recommending all others be dismissed as improperly joined. Nevertheless, Plaintiff has not filed an Amended Complaint, and the time to do so has passed. Thus, I will only screen his first properly joined claims stemming from his July 2023 disciplinary proceedings.[1]

## II.   ALLEGATIONS

On July 6, 2023, Defendant Deigarion M. Staten issued a major disciplinary accusing Plaintiff of failing to keep his cell in order, throwing batteries, and several other infractions. (Doc. 2 at 13.)   Plaintiff was immediately placed on behavior control status while waiting for his disciplinary hearing and some of his property was taken.   (*Id.* at 4.)   On July 14, 2023, a hearing officer found Plaintiff guilty of failing to keep his quarters in order and not guilty of the other charges.   (*Id*. at 14.)   As punishment, Plaintiff's class was reduced and his commissary, phone, and visitation privileges were suspended for thirty days.   (*Id*.)   Even though Plaintiff was not given any time in punitive isolation, it appears that he remained on behavior control status until approximately July 18, 2023.   (*Id.* at 4, 17.)   Plaintiff claims when he was released from behavior control status, Defendants Property Sergeants Jenkins and White failed to return all of

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

his personal property. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

First, to the extent Plaintiff is alleging his July 14, 2023 disciplinary conviction was wrongful or that his Fourteenth Amendment rights were otherwise violated during those disciplinary proceedings, it is well settled prisoners have a right to due process during prison disciplinary proceedings <u>only</u> if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). And, importantly, the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).

Plaintiff has not pled any facts suggesting the conditions while on behavior control status were an atypical or significant hardship, and the Eighth Circuit has held confinement in isolation for much longer durations does not give rise to a liberty interest. *See Ballinger v. Cedar Cnty, Mo.*, 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Thus, even if Plaintiff incorrectly stayed on behavior control status for a short period after his disciplinary hearing was over, it does not implicate a liberty interest. Similarly, Plaintiff did not

have a liberty interest in maintaining a particular classification level or in keeping his commissary, phone, or visitation privileges. *Smith*, 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). Thus, Plaintiff has not pled any plausible claims regarding his July 2023 disciplinary proceedings.

Second, a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Here, Plaintiff can file a claim for reimbursement for the loss of his personal property with the Arkansas Claims Commission. *See Williams v. Campbell*, Case No. 00–3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion); *McClinton v. Ark. Dept. Corr.,* Case No. 05–2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006). Because Plaintiff has that adequate post-deprivation remedy available to him under Arkansas law, he has not pled a viable due process claim regarding the loss of his property.

Finally, I recommend the remaining claims in the Complaint be dismissed without prejudice as improperly joined so that Plaintiff may, if he so chooses, bring them in separately filed lawsuits.[2] *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims involve a "question of law or fact" that is "common to all defendants"); Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (affirming dismissal without prejudice of unrelated claims); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011)

---

[2] Those claims are that: (1) unnamed individuals failed to properly process Plaintiff's grievances about various matters; (2) unnamed individuals "homosexually harassed" him almost daily for an unspecified duration; (3) unnamed individuals tampered with his legal mail; and (4) on October 17, 2023, Defendant Taylor wrongfully sprayed him with chemicals and issued retaliatory discipline charges against him for refusing to submit to restraints.

(affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of January 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE